Dear Mayor Smith:
Reference is made to your request for an opinion of this office regarding the proper interpretation of the provisions of law enacted by Act No. 224 of the Regular Legislative Session of 2001 ("Act 224"). Act 224 provides for the disposition of certain sales tax revenues in Bienville Parish and the deposit of those revenues in the Bienville Parish Tourism and Economic Development Fund (the "Fund").
According to your letter, a situation has arisen between the Arcadia Chamber, which is the only chamber of commerce within Bienville Parish, and the Bienville Parish Police Jury regarding the disposition of monies in the Fund. With respect thereto, LSA-R.S. 47:302.51, enacted by Act 224, provides:
 "A. The avails of the tax imposed by this Chapter from the sale of services as defined in R.S. 47:301(14)(a) in Bienville Parish under the provisions of R.S. 47:302(C) shall be credited to the Bond Security and Redemption Fund, and after a sufficient amount is allocated from that fund to pay all obligations secured by the full faith and credit of the state which become due and payable within any fiscal year, the treasurer shall pay the remainder of such funds into a special fund which is hereby created in the state treasury and designated as the "Bienville Parish Tourism and Economic Development Fund."
 B. The monies in the Bienville Parish Tourism and Economic Development Fund shall be subject to annual appropriation by the legislature. All unexpended and unencumbered monies remaining in the fund at the end of the fiscal year shall remain in the fund. The monies in the fund shall be invested by the treasurer in the same manner as the monies in the state general fund, and all interest earned shall be deposited into the state general fund.
 C. Monies appropriated from the fund shall be allocated by the Bienville Parish Police Jury exclusively for funding of tourism promotion activities or economic development projects which are proposed by a chamber of commerce in the parish and approved by the police jury." (Emphasis supplied).
Specifically, you have requested that this office address the questions set forth below.
Does the Police Jury have the authority to deny a Chamber approvedrequest?
LSA-R.S. 47:302.51(C) provides that expenditures of monies in the Fund shall be made exclusively for "tourism promotion activities or economic development projects" that are both "proposed by a chamber of commerce" and "approved by the police jury". If the legislature did not intend the police jury to have the right to deny its approval of proposed expenditures from the Fund, it would not have made such expenditures subject to the police jury's approval. It is therefore the opinion of this office that the Bienville Parish Police Jury does have the authority to deny a Chamber proposed request for an allocation of funds in the Fund.
Does the Police Jury have the authority to grant or approve requests forfunding from other entities besides the Arcadia Chamber of Commerce?
As we interpret LSA-R.S. 47:302.51(C), the Police Jury can only allocate monies from the Fund for "tourism promotion activities or economic development projects" that have been "proposed by a chamber of commerce in the parish". As long as the Arcadia Chamber of Commerce is the only chamber of commerce within Bienville Parish, it is the only entity in Bienville that can propose activities or projects for funding to the Bienville Parish Police Jury. Of course, if another chamber of commerce were to be organized within Bienville Parish, that chamber would also have the ability to propose activities and projects for funding to the Police Jury.
Does the Police Jury have the authority to establish guidelines forexpenditure from the aforementioned fund?
As stated in our response to your first question, the Bienville Parish Police Jury has the authority to deny Chamber proposed requests for allocations from the Fund. Since the Police Jury is not required to approve any of the activities or projects proposed to it, we see no reason why the Police Jury could not establish guidelines setting forth the type of expenditures it is willing to consider and approve. Establishing such guidelines can only be of benefit to the Police Jury and the Chamber, as such guidelines will prevent the Chamber from needlessly considering and proposing projects or activities that the Police Jury is unwilling to approve.
Does the Police Jury have the responsibility of informing, in writing,the Chamber of receipts, disbursements, and balances in theaforementioned fund on a regular basis or when changes are made in theaccount?
Neither LSA-R.S. 47:302.51(C) nor the other provisions of law enacted by Act 224 (LSA-R.S. 47:332.43 and 47:332.49) require the Police Jury to inform a chamber of commerce or any other entity, either in writing or otherwise, of receipts and disbursements, or balances and changes to the Fund. We note, however, that any information the Police Jury has with regard to the Fund and expenditures made there from would be considered public record in accordance with Title 44 of the Revised Statutes (the "Public Records Act") and, subject to exceptions to the Public Records Act, such information would be obtainable by the Arcadia Chamber upon proper request.
In responding to your request, we were guided by the following rules of statutory construction: Legislation is a solemn expression of legislative will. LSA-C.C. Art. 2. The words of a law must be given their generally prevailing meaning. La.C.C. Art. 11. Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. LSA-R.S. 1:3. A statute should be given a construction according to fair import of its words taken in their usual sense, in connection with the context, and with reference to the purposes of the provisions. State v. Truby, 29 So.2d 758 (La. 1947).
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of assistance in other areas of the law.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
CCF, jr./JMZB/dam